CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE VA

FEB 07 2017

JULIA C DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID MEYERS, | ) | CASE NO. 7:17CV00017 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN S.K. YOUNG, ET AL., | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

David Meyers, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He alleges that the Virginia Department of Corrections ("VDOC") has not properly calculated his term of confinement and refuses to provide him protective custody and mental health treatment. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice.

I.

According to the petition, Meyers is confined in the custody of the VDOC under thirty-year prison term imposed in 2014 by the Circuit Court for the City of Petersburg on Meyers convictions for robbery, abduction, malicious wounding, and related firearms offenses. He does not challenge here the validity of his convictions or his sentence as imposed. Rather, Meyers claims, among other things, that VDOC officials have not granted him credit against his sentence for time he served in jail immediately after his arrest and during execution of a court-ordered psychiatric evaluation regarding his competency to stand trial. Meyers asks this court to order the proper calculation of his prior custody credit.

Meyers also alleges other problems with his current confinement. He claims that VDOC officials have refused to assign him to a prison facility that can provide him with appropriate mental health treatment and protective custody. He also claims that prison officials have

"maliciously" brought multiple, false disciplinary charges against him and have refused to provide a mental health professional to counsel him about the charges and assist in his defense. The resulting disciplinary convictions have caused him to incur an increase in his security level, to suffer a decrease in the amount of good conduct time he can earn, and to face a likelihood of transfer to a high security prison. Meyers alleges that prison officials brought the false charges against him in retaliation for his repeated requests for mental health treatment and protective custody. Finally, he alleges that administrative officials have ignored his requests to add certain inmates to his "keep separate" list. He asks the court to issue injunctions directing prison officials to reverse these adverse decisions about his classification statuses, and place him in protective custody with access to mental health treatment.

## II.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Ultimately, exhaustion requires the petitioner to present his claims to the highest state court with jurisdiction to consider them and receive a ruling. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If a § 2254 petitioner has not presented his habeas claims to the state courts and could still do so, a federal court should dismiss his petition without prejudice. Slayton v. Smith, 404 U.S. 53, 54 (1971).

Meyers indicates on the face of his petition that he has not filed a petition for a writ of habeas corpus in any state court, raising his current claims. His claims for jail custody credit are cognizable in habeas corpus proceedings in Virginia, however. See Carroll v. Johnson, 685 S.E.2d 647, 652 (Va. 2009) (holding that petitioner seeking prior custody credit on a Virginia sentence could seek habeas corpus relief, because "an order, entered in [his] favor, interpreting a

2

conviction or a sentence, [would], as a matter of law and standing alone, directly impact the duration of [his] confinement"). He may file a habeas corpus petition in the circuit court where he was convicted, with a subsequent appeal to the Supreme Court of Virginia, or he may file such a petition directly in the Supreme Court of Virginia. See Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). Accordingly, Meyers has not yet exhausted available state court remedies as required under § 2254(b), and the court must dismiss his claims for jail custody credit without prejudice to allow him to present these claims first to the state courts. If Meyers is dissatisfied with the outcome of his state court habeas proceedings, he may then file a § 2254 petition in this court.

The court will also dismiss without prejudice Meyers' due process claims concerning the rate assigned for him to earn good conduct time in the future, because this claim lacks merit. A Virginia inmate has no constitutionally protected liberty interest in any particular rate of earning good conduct time against his sentence. Mills v. Holmes, 95 F. Supp. 3d 924, 935 (E.D. Va. 2015) (holding that Virginia inmates have no protected liberty interest in GCA earning level) (citing West v. Angelone, 165 F.3d 22 (4th Cir.1998) (unpublished) ("Inmates have no protected liberty interest in remaining in or being assigned to a particular good conduct allowance level. . . ."); James v. Robinson, 45 F.3d 426 (4th Cir.1994) (unpublished) (same). Because Meyers thus has no constitutional due process claim regarding his GCA earning level, his claims regarding these status changes do not present any grounds for federal habeas relief.

III.

The court will also dismiss Meyers' remaining claims without prejudice, because they are not appropriately raised in a § 2254 petition. The federal habeas corpus statutes grant a district court jurisdiction to entertain petitions for habeas corpus relief for persons who demonstrate that

3

they are in custody in violation of the constitution or laws or treaties of the United States. 28

U.S.C. §§ 2241(c)(3), 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989).

> "It is well settled that challenges to the fact or length of confinement are properly
> considered in the context of habeas corpus" while challenges to the conditions of
> one's confinement are properly brought as civil rights actions. See Plyler v.
> Moore, 129 F.3d 728, 733 (4th Cir. 1997) (citing Preiser v. Rodriguez, 411 U.S.
> 475, 487-88 (1973) (holding that a challenge to the length of "actual confinement
> in prison" must be brought as a habeas corpus action)); Todd v. Baskerville, 712
> F.2d 70, 72 (4th Cir. 1983). [If a] petition challenges the conditions of [the
> petitioner's] confinement rather than the fact or length of his confinement, it
> cannot proceed as a habeas corpus action.

Robinson v. Creasey, No. 5:07-CV-00347, 2009 WL 1073642, at *8 (S.D.W. Va. Apr. 21, 2009).

Accordingly, challenges to conditions to which the inmate is subject during confinement are not

properly brought by way of federal habeas corpus proceedings.   McCain v. Garrity, No.

3:02CV435, 2002 WL 32362032 (E.D. Va. July 16, 2002) (finding a claim relating to medical

care was improperly advanced under 28 U.S.C. § 2241).   Similarly, if an inmate's court

submission seeks "something other than immediate or more speedy release—the traditional

purpose of habeas corpus," then "habeas corpus is not an appropriate or available federal

remedy." Preiser, 411 U.S. at 494.

Meyers' remaining claims do not seek his immediate or sooner release from custody and

are, therefore, not properly presented to the court in this habeas action.   These claims —

concerning his security classification and keep separate list, his mental health treatment or

alleged lack thereof, his alleged need for protective custody, officers' alleged retaliation against

him for filing grievances — concern a challenge to the conditions he has experienced during his

confinement, rather than a challenge of the fact or length of his confinement.   Moreover, as to

each of these claims, Meyers is seeking injunctive relief — orders directing prison officials to

provide certain housing changes or accommodations — rather than seeking habeas corpus relief

4

that merely finds the fact or length of his confinement to be unlawful. Accordingly, the court concludes that Meyers' remaining claims are not cognizable under § 2254 and must be summarily dismissed without prejudice.[1]

## IV.

For the reasons stated, the court dismisses all the claims in Meyers's petition without prejudice. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This ⁊th day of February, 2017.

_____
Chief United States District Judge

---

[1] The court declines to construe Meyers' non-habeas corpus claims in this submission as a civil rights action under 42 U.S.C. § 1983. The current submission does not include the necessary factual support for such claims under § 1983. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that stating a claim "requires more than labels and conclusions" and that complaint must state sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level"). Moreover, to pursue his claims under § 1983, Meyers must consent to pay the $350 filing fee for such an action; in this case, he has only indicated his willingness to the $5.00 filing fee applicable to a habeas corpus action. For these reasons, the court will not construe and file Meyers' § 2254 petition as a § 1983 complaint instead. If he wishes to pursue § 1983 claims, he may do so by filing a new and separate complaint that meets the pleading requirements for such an action.

5